Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA RAMIA, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE BANK (USA) N.A.; EQUIFAX INFORMATION SERVICES, LLC; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:18-cv-02511-JFW-PLA <br><br> **Joint Rule 26(f) Report** <br><br> Date: June 18, 2018 <br> Time: 1:15 p.m. <br><br><br> The Hon. John F. Walter |

In compliance with the Court's May 3, 2018 Scheduling Order, Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Veronica Ramia ("Plaintiff"), Defendant Capital One Bank (USA) N.A. ("Capital One") and Defendant Equifax Information Services, LLC ("Equifax") , by and through their respective counsel of record, respectfully submit the following Joint Report.

Counsel for Plaintiff and Defendants have met and conferred in order to prepare this Joint Report.

//

## I. SUBJECT MATTER JURISDICTION

Jurisdiction of this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. No issues exist regarding personal jurisdiction or venue and all parties have been served.

## II. FACTUAL BACKGROUND

**Plaintiff:**

Capital One alleged Plaintiff was obligated on a credit account ("the Account"). Capital One erroneously reported a late payment on the Account. In reality there was no late payment on the Account. Capital One acknowledged the late payment was in error and indicated it would remove the past-due history. Capital One failed to remove the past-due history from Plaintiff's Equifax credit report.

Plaintiff disputed the erroneous reporting in writing with Equifax. Equifax and Capital One failed to conduct reasonable investigations into the disputes alleged by Plaintiff. Equifax negligently produced consumer reports with respect to Plaintiff's credit that contain the false information. Equifax further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged. Plaintiff further suffered emotional distress.

**Defendant Equifax:** As discovery has yet to commence, Equifax Information Services LLC ("Equifax") cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Equifax is a consumer reporting agency as that term is defined in the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA and CCRAA. At all times relevant, Equifax maintained reasonable procedures to assure maximum possible accuracy of the information in its consumer reports concerning Plaintiff, conducted reinvestigation(s) of Plaintiff's dispute(s) in compliance with the FCRA and CCRAA, and complied with the requirements of the FCRA and CCRAA. Equifax denies that it caused any damage to Plaintiffs. At this time Equifax does not have knowledge or

possession of facts or documents controlled by the Plaintiff and Capital One. Therefore, this statement is based on the facts known by Equifax at this time.

**Defendant Capital One:** By the Complaint, Plaintiff alleges that credit reporting on a Capital One credit card account should not have indicated that there was a late payment on the account. Plaintiff further alleges that Capital One failed to conduct an investigation in response to a dispute by Plaintiff as to the reporting and, as such, is liable under the federal Fair Credit Reporting Act ("FCRA") and California's Consumer Credit Reporting Agencies Act ("CCRAA"). Capital One denies liability under the FCRA and CCRAA on the basis that its reporting activity on the subject credit card account was in compliance with applicable law and that it did not fail to conduct a reasonable investigation. Capital One further denies that Plaintiff has incurred any damages as a result of the alleged conduct. Additionally, Capital One denies that it acted with malice or intent to injure Plaintiff and, rather, alleges that it acted at all times in good faith.

## III. LEGAL ISSUES

Plaintiff:

The principal issues are whether Defendants' conduct violated the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA") and California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") which prohibit unlawful credit reporting, and the extent of Plaintiff's damages. The parties are not aware of any unusual substantive, procedural or evidentiary issues.

**Defendant Equifax:** The principal issues in this case, with respect to Plaintiff's claims against Equifax, are 1) whether Plaintiff can establish Equifax bears liability under the FCRA or the CCRAA, 2) whether Plaintiff can establish any recoverable damages; 3) whether Plaintiff can establish a causal connection between Equifax and her claimed damages; and 4) whether Equifax's defenses preclude liability or recovery of damages.

**Defendant Capital One:** Plaintiff's Complaint alleges violations of the FCRA and the CCRAA. The key legal issues are:

1. Whether any of Capital One's alleged actions violate the FCRA or the CCRAA;
2. Whether Capital One conducted a reasonable investigation in response to a dispute from Plaintiff to the credit reporting agencies in compliance with the FCRA;
3. Whether Capital One failed to modify, delete, or block credit reporting information that was allegedly inaccurate;
4. Whether, for purposes of the FCRA and the CCRAA, the credit card account at issue is accurately reporting;
5. Whether Capital One furnished crediting reporting information about Plaintiff to the credit reporting agencies that it knew or should have known was incomplete or inaccurate in violation of the CCRAA; and
6. Whether Plaintiff is entitled to any damages.

## IV. MOTIONS

There are no prior or pending motions. Plaintiff does not anticipate the filing of any motions at this time.

**Defendant Equifax:** Defendant Equifax anticipates filing a motion for summary judgment after engaging in discovery. Equifax reserves the right to file all appropriate motions.

**Defendant Capital One:** If the matter is not resolved prior, Capital One anticipates filing a motion for summary judgment in whole or in part. The motion would likely be filed after most discovery has been conducted. Capital One also anticipates that, should the Parties proceed to litigate this action, they will submit a joint motion for entry of a protective order, due to the confidential nature of Plaintiff's credit report and account information, as well as Capital One's commercially sensitive information. Capital One reserves the right to file other motions as appropriate.

## V. AMENDING THE PLEADINGS

The parties do not anticipate having to further amend the pleadings to add additional parties. Plaintiff requests until the date for the discovery cut-off to amend pleadings or add additional parties. Capital One requests that the deadline to amend pleadings or add additional parties be in advance of the discovery cutoff.

## VI. INITIAL DISCLOSURES

The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(1)(c) regarding the timing of the initial disclosures.

## VII. STATUS OF DISCOVERY AND DISCOVERY PLAN

Plaintiff:

Plaintiff has not conducted any discovery as of this date. Written discovery and depositions will begin between the parties shortly after the scheduling conference.

Plaintiff's discovery will be directed toward the credit reporting of the Account on Plaintiff's credit file, and the payment history of the Account. It will also be directed to any disputes sent to Defendants and Defendants' investigations, if any. Plaintiff's discovery will also be directed toward the employee training program, and employee supervision practices of Defendants. Plaintiff will also conduct discovery into Defendants' affirmative defenses. Plaintiff anticipates taking Defendants' PMK deposition and possibly any of Defendants' representatives that spoke with Plaintiff.

The parties confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties are not aware of any preservation issues. The parties agree to producing documents on a CD or via email. Plaintiff does not have any ESI but requests Defendants to produce all records related to Plaintiff's Account.

Plaintiff does not foresee any issues about claims of privilege or of protection. Plaintiff does not intend to file a protective order.

No changes are necessary to the Rule 26(a) disclosures and discovery is not to be conducted in phases or otherwise limited. All discovery is to be governed by the Federal Rules of Civil Procedure including the limits that the rules set forth.

**Defendant Equifax:** Defendant Equifax anticipates conducting discovery on the facts and circumstances surrounding each and every allegation in Plaintiff's complaint; Plaintiff's financial and consumer history, including Plaintiff's deposition and third-party discovery and depositions; Plaintiff's alleged damages, including any records subpoenas and depositions that may be needed regarding Plaintiff's damages; facts and circumstances surrounding the Capital One account which Plaintiff disputes, including documents relating to such account.

Defendant Equifax further anticipates needing a protective order to be put in place due to highly sensitive and confidential records that may be produced in this case. Accordingly, Equifax will comply with the Court's standing order that addresses the requirements for the entry of such protective order.

**Defendant Capital One:** Capital One has not yet served discovery, but intends to seek discovery into the following subjects: the subject account, Plaintiff's credit history, any record of disputes sent by Plaintiff to the credit reporting agencies, any record of disputes sent by Plaintiff to Capital One, communications between Plaintiff and the credit reporting agencies, and Plaintiff's purported damages resulting from the purported reporting discrepancies in her credit reporting history. It will serve written discovery after receipt of Plaintiff's Initial Disclosures. Capital One also anticipates taking 2 to 3 depositions after receipt of responses to written discovery. Capital One intends to call an expert witness, but the identity of the expert will depend on information obtained during discovery.

Capital One anticipates production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action. As such, the parties will require a protective order to be entered by the Court to govern the use and disclosure of information that is deemed confidential, trade secret, and/or commercially sensitive. The parties will submit a draft stipulated protective order for consideration and entry by the Court.

**VIII. RELATED CASES OR PROCEEDINGS**

There are no pending related cases or proceedings.

**IX. RELIEF AND DAMAGES SOUGHT IN THE COMPLAINT**

Plaintiff is seeking the following damages:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages;

(d) Costs and reasonable attorney's fees; and

(e) For such other and further relief as the Court may deem just and proper.

Plaintiff has the possibility of obtaining a large award. Similar cases detail the potential exposure for Defendants. In the case of Bach v. First Union Nat'l Bank, 149 Fed. Appx.354, 362-63 (unpublished), the court upheld a jury award of $400,000 for compensatory damages in a case that involved attempts to resolve reporting inaccuracies and repeated denials of credit. Similarly, in the case of Sloane v. Equifax Information Services, 510 F.3d 495 (4th Cir. 2007) the Fourth Circuit approved of an award of emotional distress damages of $150,000 for credit reporting violations.

**Defendant Equifax:** Defendant Equifax does not seek damages at this time, but denies that it is liable for any and all of Plaintiff's damages.

**X. CERTIFICATION OF INTERESTED PARTIES**

Plaintiff has filed the required certification and restates it as follows:

The Plaintiff in this matter is an individual.

Plaintiff has filed the required Certification and identified Plaintiff Veronica Ramia, Defendant Capital One Bank (USA) N.A., and Defendant Equifax Information Services, LLC as parties that may have a financial interest in the subject matter in controversy or in a party to the proceeding or have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Defendant Equifax has filed the required certification. Defendant Equifax is a wholly-owned subsidiary of Equifax, Inc., a publicly traded company. No other entity owns more than 10% of its stock.

Defendant Capital One has filed the required certification disclosing the following information:

1. The nongovernmental corporate party, Capital One Bank (USA), N.A., and the following parent corporation and publicly held corporation that owns 10% or more of its stock: Capital One Financial Corporation;

2. Defendant Equifax Information Services, LLC;

3. Plaintiff Veronica Ramia.

## XI. PROPOSED DATES FOR DISCOVERY CUT-OFF, MOTION CUT-OFF, FINAL PRETRIAL CONFERENCE, AND TRIAL

The parties jointly propose the following dates:

(a) Discovery cut-off date: January 18, 2019;

(b) Final motion cut-off date: March 15, 2019;

(c) Final Pretrial Conference date: April 19, 2019; and

(d) Trial date: May 7, 2019.

## XII. TRIAL ESTIMATES

Plaintiff has demanded a jury trial. The parties estimate the trial should take 3-4 days. Plaintiff anticipates calling 3-4 witnesses.

## XIII. SETTLEMENT DISCUSSIONS

Counsel for Plaintiff and Defendants have not yet engaged in settlement discussions. The parties are amenable to a settlement conference with the magistrate judge assigned to this matter.

## XIV. COMPLEXITY OF CASE

The litigation is not complex and does not require reference to the procedures in the manual for complex litigation.

## XV. DISPOSITIVE MOTIONS

Plaintiff does not anticipate the filing of any motions at this time.

**Defendant Equifax:** Defendant Equifax anticipates filing a Motion for Summary Judgment.

**Defendant Capital One:** As referenced above, Capital One anticipates that it may file a motion for summary judgment, in whole or in part, if the matter is not resolved prior.

## XVI. LEGAL ISSUES

There are no unusual legal issues presented in the case.

## XVII. SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF

Based upon the current pleadings, the parties do not anticipate that severance, bifurcation or other ordering of proof will be required.

## XVIII. CONFIRMATION OF COMPLIANCE WITH LOCAL RULES GOVERNING ELECTRONIC FILING

Counsel for Plaintiff filed a Declaration of Lead Trial Counsel Re: Compliance with Local Rules Governing Electronic Filing and courtesy copies were provided to the Court pursuant to the Standing Order.  Counsel for Plaintiff is registered as an ECF user and the email of record is jeremy@goldencardona.com.

Counsel for Defendant Equifax filed a Declaration of Lead Trial Counsel Re: Compliance with Local Rules Governing Electronic Filing and courtesy copies were provided to the Court pursuant to the Standing Order.  Counsel for Plaintiff is registered as an ECF user and the email of record is tquinn@nokesquinn.com.

Counsel for Capital One is filing herewith a Declaration of Lead Trial Counsel Re: Compliance with Local Rules Governing Electronic Filing and courtesy copies will be provided to the Court pursuant to the Standing Order. Counsel for Capital One is registered as an ECF user and the email of record is aborlund@dollamir.com.

DATE: June 4, 2018                BY: /s/Jeremy S. Golden_____
                                      Jeremy S. Golden
                                      Attorney for Plaintiff

DATE: June 4, 2018                BY: /s/Amy I. Borlund_____
                                      Amy I. Borlund
                                      Attorney for Capital One Bank (USA), N.A.

DATE: June 4, 2018                BY: /s/Thomas P. Quinn, Jr. _____
                                      Thomas P. Quinn, Jr.
                                      Attorney for Defendant Equifax Information Services, LLC